In re Charles Keith GILBERT and
Iva Marie Gilbert, Debtors.

**Bankruptcy No. 89–2867–TS.**

United States Bankruptcy Court,
W.D. Oklahoma.

Nov. 17, 1992.

Anthony L. Jackson, Oklahoma City, Okl., for debtors.

Douglas L. Jackson, Enid, Okl., for creditor.

John L. Myles, Oklahoma City, Okl., Trustee.

## ORDER DENYING DEBTORS' MOTION TO AVOID LIEN OF STATE EXCHANGE BANK OF LAMONT

JOHN TESELLE, Bankruptcy Judge.

### Background

Debtors claimed as exempt certain implements of husbandry and tools of the trade, and moved to avoid the lien of State Exchange Bank of Lamont (hereinafter "Bank") on those items. Bank objected, and the Court heard the matter on September 10, 1992. At the conclusion of the

hearing, the Court announced its ruling and directed counsel for Bank to prepare an order memorializing the Court's ruling. Counsel for Bank did so, but Debtors' counsel refused to sign off on the order drafted by Bank's counsel. Debtors' counsel then proposed an order containing language objectionable to Bank's counsel, which language Bank's counsel correctly surmised would also be offensive to this Court. Therefore, the Court has prepared this Order, which is intended to clarify and supplement the ruling read into the record by the Court at the conclusion of the hearing.

## Findings of Fact

After reviewing the arguments of counsel, the file, and the applicable law, the Court finds as follows:

1. Utilizing Chapter 12 of the Bankruptcy Code, Debtors filed for bankruptcy on May 5, 1989.

2. At the time Debtors filed their petition, Bank had a lien on certain property of Debtors. The proceeds from the sale of this property, in the context of this bankruptcy, constituted Bank's cash collateral.

3. Debtors' Chapter 12 Plan of Reorganization (hereinafter the "Plan") provided that in exchange for Bank permitting Debtors to use Bank's cash collateral, Debtors would grant Bank a replacement lien on, *inter alia*, all of Debtors' farming equipment.

4. In reliance thereon, Bank agreed that upon confirmation of the Plan, Bank would permit Debtors to use Bank's cash collateral.

5. The Court confirmed Debtors' Plan on December 6, 1989.

6. Thereafter, on December 19, 1991, before completing performance of their Plan but after exhausting Bank's cash collateral, Debtors converted their case to one under Chapter 7.

---

1. This Court's research revealed no published cases on point. However, during the hearing, Bank's counsel cited *In re Perry*, a 1984 case in which Judge Bohanon ruled from the bench. *In re Perry*, No. BK-84-578-BH (filed Feb. 29,

## Conclusions of Law

From the foregoing facts, the Court reaches the following conclusions of law:

■ 1. Upon conversion of a case from one chapter proceeding to another, the effective date of the filing of the converted case is the date of filing of the original case. 11 U.S.C. § 348(a). Thus, the effective date of Debtors' Chapter 7 bankruptcy is May 5, 1989.

■ 2. The provision of Debtors' confirmed Plan now at issue was a negotiated, post-petition agreement between Debtors and Bank, and is binding upon those parties. 11 U.S.C. § 1227(a). Because the agreement was entered into subsequent to the effective date of Debtors' Chapter 7, conversion of the case from Chapter 12 to Chapter 7 does not render such agreement subject to attack in this bankruptcy. Thus, to the extent provisions of Debtors' Plan were effectuated prior to conversion, such provisions remain binding upon the parties and can not be unilaterally annulled.

3. There being an apparent dearth of case law on the issue here presented,[1] this appears to be a case of first impression justifying the following application of equitable principles:

■ (a) Debtors having expended Bank's cash collateral and having thus obtained the full benefit of Debtors' bargain, it would be contrary to all principles of fairness and equity to permit Debtors to now avoid Bank's lien and thereby deny Bank the benefit of its bargain; and

■ (b) Bank having permitted Debtors to use Bank's cash collateral in reliance upon Debtors' promise to grant Bank a replacement lien and having acted in reliance upon Debtors' promise, and Debtors having expended Bank's cash collateral, Debtors are estopped to avoid Bank's lien. 11 U.S.C. § 105(a).

---

1984). The transcript of that hearing not being available, and the ruling not otherwise having been committed to writing, this Court is reluctant to cite *Perry* in support of its holding.

## Decision

In light of the foregoing, Debtors' motion to avoid Bank's lien against Debtors' implements of husbandry and tools of trade is denied.

As Debtors are not entitled to avoid Bank's lien, Debtors' claims of exemption for implements of husbandry and tools of the trade are rendered moot.[2]

IT IS SO ORDERED.

---

2. The value of Debtors' farm equipment has not been established. In the event the amount Debtors owe Bank exceeds the value of Bank's collateral, Debtors' lack of equity in the farm equipment would also moot Debtors' exemption claim.